AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 19 2019

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| United States of America<br>v.<br>Fredricke D. Espy Jr.<br>Year of Birth 1991<br><br>*Defendant(s)* | Case No. 19 mj 3230 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **September 18, 2019** in the county of **Bernalillo** in the **___** District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Felon in Possession of Firearm |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anthony M. Garcia, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/19/2019

_____
*Judge's signature*

City and State: Albuquerque, New Mexico

John F. Robbenhaar, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| United States of America, | ) |
|    Plaintiff, | ) |
|    vs | ) |
| Fredricke D. Espy Jr, | ) |
| Year of Birth 1991 | ) |
|    Defendant. | ) |

### AFFIDAVIT

I, Anthony M. Garcia, from the United States Department of Interior, Bureau of Indian Affairs (BIA), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKROUND

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Special Agent (SA) with the United States Department of Interior (USDOI), Bureau of Indian Affairs (BIA), and I have been a sworn law enforcement officer for over 18 years. I am currently assigned to the Bureau of Indian Affairs/Office of Justice Services - Division of Drug Enforcement (BIA/OJS-DDE) within the District of New Mexico.

2. I have attended two (2) basic law enforcement academies, including Basic Police Officer Training Program (BPOTP) at the Federal Law Enforcement Training Center (FLETC) in Artesia, New Mexico; and the Department of Interior Basic Investigator Training Program (DOI-BITP) at FLETC in Glynco, Georgia. Since attending these basic training courses, I have also attended numerous other basic and advanced law enforcement training courses which covered topics including drug enforcement, crime scene investigation, evidence collection and handling, laws relating to search and seizure, as well as criminal procedures and other topics. During my career as a federal law enforcement officer, I have completed the Drug Enforcement Administration (DEA) Basic Drug Investigator School (DEA - DIS) where I received training in the investigation and enforcement actions of drug crimes including but not limited to the unlawful possession and trafficking of methamphetamine, marijuana, cocaine and heroin and other controlled substances.

1

3. Prior to working for the BIA as a Special Agent, I was a Uniformed Officer for the USDOI - BIA for seven (7) years. I served five (5) of those years as a Police Officer. I then served approximately two (2) years as a Supervisory Police Officer.

4. Prior to working for the USDOI – BIA, I served as a Police Officer for three (3) tribal law enforcement agencies. I served approximately two (2) years at the Laguna Police Department enforcing traffic laws, criminal laws and natural resources laws. I served approximately eight (8) years at the Acoma Police Department enforcing natural resources laws, criminal laws and traffic laws. I served two (2) of those years as a Patrol Sergeant. I served approximately one (1) year at the Ute Mountain Ute Tribe in the State of Colorado enforcing the traffic laws and criminal laws.

5. The information contained in this affidavit is not an exhaustive account of everything your affiant knows about this case. Rather, it contains only the facts that your affiant believes are necessary to establish probable cause in support of a criminal complaint against Fredricke D. ESPY Jr. for the following violation: 18 U.S.C. 922(g)(1), felon in possession of a firearm and ammunition.

6. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## DETAILS OF INVESTIGATION

7. On September 18, 2019, at approximately 6:30 a.m., BIA K-9 Officer Nicholas Jackson was monitoring vehicle traffic, traveling eastbound on Interstate 40, within in the exterior boundaries of the Laguna Indian Reservation at approximately mile marker 140. Officer Jackson was wearing his department issued uniform and displaying his badge of office, while operating a marked canine police vehicle with his assigned canine partner, Kofi. Officer Jackson was conducting traffic enforcement on eastbound lanes while stationary in the center median of Interstate 40.

8. Officer Jackson initiated a traffic stop of a black Chevrolet Silverado, bearing Texas license plate LJG-1551, for speeding (traveling 80 miles per hour in a 75 mph zone and following too closely, in violation of the Laguna Indian Reservation traffic law and New Mexico state law.

9. Upon coming to a complete stop, Officer Jackson exited his patrol vehicle and approached the Chevrolet Silverado from the passenger side. While walking up to the tailgate of the Chevrolet Silverado, Officer Jackson smelled an odor of raw marijuana. Officer Jackson continued to the passenger side window and smelled an odor of burned

marijuana emitting from the interior of the vehicle. Officer Jackson greeted the driver, later identified as Richard J. OVERTON, from his Texas driver's license. Officer Jackson advised OVERTON the purpose of the traffic stop and requested the Chevrolet's registration, driver's license, and insurance.

10. Officer Jackson asked OVERTON to step out of the Chevrolet Silverado to issue a warning for speeding and following too closely. While conducting business, Officer Jackson had a conversation with OVERTON in regards to his travels. OVERTON stated they left Phoenix, Arizona due to a death of a family member. (Officer Jackson had run the License Plate Reader and the Chevrolet Silverado had been spotted in Holbrook, Seligman and Kingman, Arizona, which are all located along Interstate 40, with Seligman and Kingman being west of the normal path of travel from Phoenix to western New Mexico.) OVERTON further explained the passenger was a family member (cousin).

11. Officer Jackson received permission from OVERTON to open the driver's door to verify the federal vehicle identification number (VIN) sticker. Officer Jackson briefly spoke with the passenger, said defendant Fredricke D. ESPY Jr., about their travels. ESPY stated they were returning from Los Angeles (LA), California. ESPY further stated to Officer Jackson they were in LA for his birthday and stayed in Compton. Officer Jackson returned to his patrol vehicle and returned all of the paperwork provided during the traffic stop and issued a written warning for speeding and following too closely to OVERTON.

12. Officer Jackson confronted OVERTON in regards to the odor of marijuana emitting from the Chevrolet Silverado. OVERTON admitted he smoked approximately four (4) hours prior to the traffic stop. OVERTON, the registered owner of the vehicle, then consented to search the Chevrolet Silverado

13. Officer Jackson removed ESPY from the Chevrolet Silverado and asked if he owned any bags in the vehicle. ESPY claimed he owned a black backpack, which was located in the backseat of the Chevrolet Silverado.

14. Officer Jackson opened the tailgate of the Chevrolet Silverado and found four large duffle bags (two (2) maroon in color, one (1) black in color and one (1) grey in color). Inside the large duffle bags were individually sealed packages which emanated an odor of raw marijuana. (The gross weight of the marijuana was later determined to be 60.72 kilograms.)

15. Officer Jackson continued the search of the vehicle and found the black backpack, owned by ESPY. Inside the backpack was a black in color Springfield Armory semi-automatic handgun (Serial Number: MG615885). The handgun was found to be loaded with live ammunition in the magazine along with one live ammunition in the chamber. The Springfield Armory semi-automatic handgun was stolen from Amarillo, Texas. Officer Jackson also located ESPY's driver's license in the black backpack.

16. A second semi-automatic firearm, a black Glock 23 (Serial Number: BAKD624) with a loaded magazine and one live ammunition in the chamber, was found in the glove box directly in front of ESPY in the Chevrolet Silverado.

17. Prior to his encounter on September 18, 2019, ESPY had been convicted of the felony offenses of Possession of Marijuana and Unlawful Carrying of Weapon through the Randall County District Court in the State of Texas.

18. SA Garcia read ESPY and OVERTON their Advice of Rights. ESPY and OVERTON invoked their Right to Remain Silent and Right to Counsel. No further interviews were conducted.

19. Neither the firearms nor the ammunition were manufactured in the State of New Mexico and, as such, their possession in New Mexico affected interstate commerce.

## CONCLUSION

20. Based on the foregoing, your affiant believes that there is probable cause that on September 18, 2019, in Bernalillo County, in the State and District of New Mexico, Fredrick D. ESPY Jr., committed the following violations: 18 U.S.C. 922(g)(1), felon in possession of a firearm and ammunition.

_____
Anthony M. Garcia, Special Agent
Bureau of Indian Affairs

Subscribed and sworn to before me
This 19th day of September, 2019

_____
HONORABLE JOHN F. ROBBENHAAR
United States Magistrate Judge